UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-23363-CIV-ROSENBAUM

JANET RODRIGUEZ,

    Appellant,

v.

WILLIAM MURPHY,

    Appellee.

_____/

**OPINION AND ORDER**

This matter is before the Court upon the appeal of Appellant Janet Rodriguez from the Bankruptcy Court's Order Denying Debtor's Emergency Motion to Reconsider. The Court has considered the appeal, all supporting and opposing filings, and the record in this case. For the reasons set forth below, the Court affirms the Bankruptcy Court's Order Denying Debtor's Emergency Motion to Reconsider.

***BACKGROUND***

Appellant Janet Rodriguez and her parents, Eriel and Francisca Rodriguez, are co-owners of property located in Miami, Florida, upon which Appellee William Murphy has a mortgage lien. *See In re Rodriguez*, No. 12-30396, ECF No. 22 (Bankr. S.D. Fla. Sept. 4, 2012). Murphy initiated foreclosure proceedings against the property in 2009 in Florida state court. ECF No. 24 at 2, ¶ 10. On April 7, 2009, Janet Rodriguez filed for Chapter 11 bankruptcy in the Southern District of Florida. *In re Rodriguez*, No. 09-16327, ECF No. 1 (Bankr. S.D. Fla. Apr. 7, 2009). Murphy moved for relief from the automatic stay, and the Honorable Laurel Myerson Isicoff granted the motion,

allowing Murphy's state-court foreclosure proceeding against the Rodriguez property to continue. *Id.* ECF No. 140 (Bankr. S.D. Fla. Apr. 2, 2010). On December 9, 2010, after a hearing on the matter, Judge Isicoff dismissed Rodriguez's Petition with prejudice to the filing of a petition under any chapter of the Bankruptcy Code for a period of six months because of her failure to comply with the requirements of the Bankruptcy Code. *Id.* ECF No. 186 (Bankr. S.D. Fla. Dec. 9, 2010).

Prior to the dismissal of Rodriguez's Chapter 11 case, Rodriguez's parents filed their own petition for Chapter 13 bankruptcy. *In re Rodriguez*, No. 10-36061, ECF No. 1 (Bankr. S.D. Fla. Aug. 31, 2010). In the parents' case, Murphy moved the Bankruptcy Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4), which allows a bankruptcy court to terminate or modify the automatic stay with respect to real property if the court determines that "the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4). Judge Isicoff granted Murphy's motion and allowed him to return to state court to continue his foreclosure proceedings against the Rodriguez property. *In re Rodriguez*, No. 10-36061, ECF No. 109 (Bankr. S.D. Fla. Jan. 18, 2011). Murphy also filed a Motion to Dismiss Case for Bad-Faith Filing and Dilatory Conduct, which Judge Isicoff granted on March 25, 2011, after an evidentiary hearing. *Id.* ECF No. 195 (Bankr. S.D. Fla. Mar. 25, 2011). Judge Isicoff dismissed the petition with prejudice to the Rodriguez parents' filing of any proceeding under the Bankruptcy Code for two years, and also imposed sanctions on the Rodriguez parents. *Id.*

Janet Rodriguez filed her own petition for Chapter 13 bankruptcy on August 28, 2012. *In re Rodriguez*, No. 12-30396, ECF No. 1 (Bankr. S.D. Fla. Aug. 28, 2012). Two days later, Murphy filed a Motion for an Order Ratifying Non-Applicability of Stay or Stay Relief Nunc Pro Tunc to August

28, 2012, at 9:18 a.m., the date and time at which Rodriguez filed her emergency bankruptcy petition. *Id.* ECF No. 15 (Bankr. S.D. Fla. Aug. 30, 2012). On September 4, 2012, Judge Isicoff granted the Motion, determining that Rodriguez's filing of the bankruptcy petition did not trigger an automatic stay as to the property because the property was subject to an *In Rem* Stay Relief Order under 11 U.S.C. § 362(d)(4). *Id.* ECF No. 22 (Bankr. S.D. Fla. Sept. 4, 2012). Judge Isicoff also granted *nunc pro tunc* stay relief to the date and time of Rodriguez's Chapter 13 bankruptcy filing in the event that the automatic stay is deemed to be applicable. *Id.*

On December 4, 2012, Judge Isicoff held a confirmation hearing on Rodriguez's plan, in which counsel for creditors and the Chapter 13 Trustee testified as to the insufficiency of the plan and to Rodriguez's failure to make any plan payments or to resolve the Trustee's Notice of Deficiency. *See id.* ECF No. 80 (Bankr. S.D. Fla. Dec. 10, 2012). Judge Isicoff thereafter denied confirmation of the plan and dismissed the case with prejudice to Rodriguez's filing of any other case under any chapter of the Bankruptcy Code and in any jurisdiction of the United States for two years. *Id.*

On June 6, 2013, Rodriguez filed an Emergency Motion to Reconsider the Bankruptcy Court's September 4, 2012, Order ratifying the non-applicability of the automatic stay to her property. *Id.* ECF No. 114 (Bankr. S.D. Fla. Dec. 10, 2012). The Bankruptcy Court denied the Emergency Motion to Reconsider. *Id.* ECF No. 116 (Bankr. S.D. Fla. June 13, 2013). Rodriguez now timely appeals that Order Denying Debtor's Emergency Motion to Reconsider to this Court. Both Rodriguez and Murphy appear *pro se* in this appeal.[1]

---

[1] Because one of Murphy's filings in the underlying bankruptcy case suggested that the foreclosure that Rodriguez seeks to stay in the instant appeal may have already taken place, the Court issued an Order on March 5, 2014, directing the parties to file relevant evidence if they believe this appeal to be moot. *See* ECF No. 18. Murphy did not respond to the Order, and Rodriguez's response indicated that "[t]he foreclosure still exi[s]ts [in] DADE County." ECF No. 19. A review of the

## *JURISDICTION*

Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). With regard to appeals from bankruptcy courts, district courts enjoy jurisdiction over only three types of orders: (1) final orders, as described in 28 U.S.C. § 158(a)(1); (2) interlocutory appeals issued under 11 U.S.C. § 1121(d), as described in 28 U.S.C. § 158(a)(2); and, (3) with leave of the court, other interlocutory orders, as described in 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. Pro. 8001(b). *Tobkin v. Calderin*, 2012 WL 3609867, at *1 (S.D. Fla. Aug. 22, 2012). As this Court has explained, district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees." *Id.* at *1-*2; 28 U.S.C. § 158(a)(1).

Because Rodriguez did not seek leave of the Court to file her appeal, the Court must determine whether the Order is final and appealable. "[B]ankruptcy is an aggregation of controversies and suits" and therefore "[f]inality is given a more flexible interpretation in the bankruptcy context." *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008) (citing *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1548 (11th Cir. 1996)). "Generally speaking, to be 'final' under 28 U.S.C. § 158(d) . . . an order must end the litigation on the merits, leaving nothing to be done but execute the judgment." *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008) (citing *Jove Eng'g v. IRS*, 92 F.3d 1539, 1547 (11th Cir. 1996)).

An order that grants or denies reconsideration of an otherwise final order is itself a final, appealable order. *See In re Grabill Corp.*, 983 F.2d 773, 775-76 (7th Cir. 1993) (explaining that motion for reconsideration of a final judgment renders that original judgment nonfinal because it is the order on the motion for reconsideration that ends the case and is, therefore, final). And orders that

---

docket of *Bank of New York Mellon v. Rodriguez*, No. 12-32077 (Fla. 11th Cir. Ct. 2012), indicates that the foreclosure proceedings have not been completed.

grant or deny relief from an automatic stay are final and appealable. *See In re Hoggle*, 12 F.3d 1008 (11th Cir. 1994) (orders confirming plan and denying relief from automatic stay are final orders); *see also In re Delta Res.*, Inc., 54 F.3d 722, 726 (11th Cir. 1995) (quoting *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989)) ("district court orders affirming or reversing the bankruptcy judge's grant or denial of relief from an automatic stay consistently have been held by the courts to be a final decision reviewable on appeal."); *In re Keyser*, 503 F. App'x 586, 589 (10th Cir. 2012) (order lifting automatic stay is final and appealable). Similarly, an order that clarifies whether a stay continues to apply to a particular party is also a final order when there is no indication that the "bankruptcy court contemplates additional proceedings as to the applicability of the stay." *In re Quigley Co., Inc.*, 676 F.3d 45, 51 (2d Cir. 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 2849 (2013). Accordingly, the Bankruptcy Court's Order denying reconsideration of the September 4, 2012, Order that clarified that the automatic stay was lifted as to Rodriguez's property is a reviewable final order.[2]

## STANDARD OF REVIEW

Bankruptcy courts are governed by the Federal Rules of Bankruptcy Procedure. Under Rule 8013, Fed. R. Bankr. P., a district court reviews the factual findings of a bankruptcy court for clear error. As for the conclusions of law of the bankruptcy court and the application of the law to the

---

[2] Murphy argues that this Court lacks jurisdiction because, even though Rodriguez's appeal of the Order Denying Debtor's Emergency Motion to Reconsider was timely, Rodriguez's underlying Motion for Reconsideration was untimely. ECF No. 14. But the timeliness of the underlying Motion to Reconsider is not a factor that would preclude this Court's appellate jurisdiction—it is the timeliness of the Notice of Appeal that affects this Court's jurisdiction. *See In re Cabot*, 537 F. App'x 891, 894 (11th Cir. 2013) (citing *In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000)) ("District courts lack jurisdiction to hear untimely appeals from bankruptcy court orders."). Rodriguez's Notice of Appeal was filed thirteen days after the June 12, 2013, Order and is therefore timely. *See* Fed. R. Bankr. P. 8002(a) (notices of appeal shall be filed within fourteen days of the entry of the order).

particular facts of the case, a district court must conduct a *de novo* review. *See In re Feingold*, 474 B.R. 293, 294 (S.D. Fla. 2012) (citing *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009); *In re Club Assocs.*, 951 F.2d 1223, 1228-29 (11th Cir.1992)) ("The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*").

## *DISCUSSION*

The filing of a bankruptcy petition automatically stays the commencement or continuation of many types of judicial, administrative, or other proceedings against the debtor, including any act to obtain possession of property of the debtor's estate. 11 U.S.C. §§ 362(a)(1), (3). But a creditor can move the bankruptcy court for relief from the automatic stay in certain situations. *Id.* § 362(d). With respect to the stay of an act against real property, 11 U.S.C. § 362(d)(4) provides,

> [a bankruptcy court shall grant a request for relief from the stay] by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either–
>
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>
> (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. . . .

11 U.S.C. § 362(d)(4). Section 362(d)(4) thus "permits the bankruptcy court to grant so-called 'in rem' relief from the automatic stay to the creditor to address schemes using bankruptcy to thwart

legitimate foreclosure efforts through one or more transfers of interest in real property or . . . multiple bankruptcy filings affecting the subject in rem property." *In re Alakozai*, 499 B.R. 698 (B.A.P. 9th Cir. 2013).

On January 18, 2011, Judge Isicoff granted Murphy's motion for relief from the automatic stay in the bankruptcy proceeding initiated by Rodriguez's parents—the second bankruptcy petition to affect the real property at issue. *In re Rodriguez*, No. 10-36061, ECF No. 109 (Bankr. S.D. Fla. Jan. 18, 2011). Judge Isicoff lifted the stay pursuant to § 362(d)(4)(B), which allows for relief from the stay if multiple bankruptcy filings affect the real property. 11 U.S.C. § 362(d)(4)(B).

Pursuant to § 362(d)(4), this relief from the stay is binding on any other bankruptcy case to affect the real property for the two years following the order if the order is recorded in compliance with applicable State laws. *Id.*; *see also id.* § 362(b)(20). Rodriguez's second bankruptcy petition was filed on August 28, 2012—less than two years after the January 18, 2011, Order lifting the stay. *See Rodriguez*, No. 12-30396, ECF No. 1 (Bankr. S.D. Fla. Aug. 28, 2012). It is unclear from the record whether the January 18, 2011, Order was recorded and, therefore, binding on Rodriguez's second bankruptcy petition.

On August 30, 2012, Murphy moved the bankruptcy court to ratify that the previous Order still applied to Rodriguez's second bankruptcy petition or newly grant a relief from the stay. *Rodriguez*, No. 12-30396, ECF No. 15 (Bankr. S.D. Fla. Aug. 30, 2012). Judge Isicoff's September 4, 2012, Order ratified that the previous Order lifting the stay still applied to Rodriguez's second bankruptcy petition but also granted *nunc pro tunc* stay relief in the event that the automatic stay is otherwise deemed to be applicable. *Rodriguez*, No. 12-30396, ECF No. 22 (Bankr. S.D. Fla. Sept. 4, 2012).

Nine months later, Rodriguez moved for reconsideration of the September 4, 2012, Order. *Rodriguez*, No. 12-30396, ECF No. 114 (Bankr. S.D. Fla. June 6, 2013). Rodriguez argued that the Order was defective because no bond was posted at the time the motion was granted, the original stay relief had expired in January 2013, and her partial payment to the creditor constituted a substantial change that warranted reconsideration. *Id.* Judge Isocoff denied the Motion for Reconsideration, noting that the case was dismissed and had been closed for over six months—facts that made Rodriguez's Motion for Reconsideration untimely. *Rodriguez*, No. 12-30396, ECF No. 116 (Bankr. S.D. Fla. June 13, 2013).

Rodriguez here appeals the denial of the reconsideration on, seemingly, the same three grounds: no bond was posted, the stay relief expired in January of 2013, and she has partially paid Murphy. ECF No. 10. Rodriguez's appeal does not address why her Motion for Reconsideration was filed six months after the closing of her case. Orders denying motions for reconsideration are reviewed for an abuse of discretion, *see In re Jean*, 508 F. App'x 939, 940 (11th Cir. 2013), and the Bankruptcy Court did not abuse its discretion in denying the Motion for Reconsideration as untimely.

But even if the Motion were more timely filed, reconsideration would not be warranted. Nothing in 11 U.S.C. § 362(d)(4) requires the payment of a bond, and Rodriguez cites to no authority that supports her contention that a bond must be paid. Furthermore, if the original stay-relief Order was binding on Rodriguez's second bankruptcy petition, the expiration of that Order does not automatically reinstate the stay. *See Alakozai*, 499 B.R. 698 (quoting *In re Abdul Muhaimin*, 343 B.R. 159, 169 (Bankr. D. Md. 2006)) (Section 362(d)(4) order "nullif[ies] the ability of the Debtor and any other third party with an interest in the property to obtain the benefits provided by the automatic stay in future bankruptcy cases for a period of two years."). Under the statute, the § 362(d)(4) Order is

"binding on any other case . . . filed not later than 2 years after the date" of the Order. 11 U.S.C. § 362(d)(4). Thus, as long as a case is filed within the two-year period, the previous § 362(d)(4) order is binding for the duration of the case. Expiration of the Order serves only to ensure that any bankruptcy petitions filed after the two-year mark—but not before—would not be subject to the Order. But, even if the original § 362(d)(4) Order were never recorded, Judge Isicoff's September 4, 2012, Order newly granted stay relief under § 362(d)(4) and is therefore directly binding on Rodriguez's second bankruptcy petition.

Finally, Rodriguez suggests that her partial payment to Murphy constitutes "changed circumstances" that warrant relief from the § 362(d)(4) Orders. *See* 11 U.S.C. § 362(d)(4). But it was within the Bankruptcy Court's discretion to determine that the partial payment was not sufficient to warrant a stay in Rodriguez's second bankruptcy case. *See In re Ware*, No. 13-11847, 2014 WL 1329151, at *2 (11th Cir. 2014) (citing *Barclays–Am./Bus. Credit Inc. v. Radio WBHP, Inc. (In re Dixie Broad., Inc.)*, 871 F.2d 1023, 1026 (11th Cir. 1989) ("The decision to lift the automatic stay is within the bankruptcy court's discretion, and we will reverse only for an abuse of that discretion.")). The Bankruptcy Court did not abuse its discretion when denying reconsideration, and this Court therefore affirms the Bankruptcy Court Order.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's Order Denying Debtor's Emergency Motion to Reconsider is **AFFIRMED.** The Clerk of Court shall **CLOSE** this case. All pending

motions are **DENIED as MOOT.** The Court retains jurisdiction to entertain any motion for costs.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 9th day of April 2014.

*/s/ Robin S. Rosenbaum*
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record